IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIE M. ANSLEY,

    Plaintiff,

v.                                 CASE NO. 4:09cv161-RH/WCS

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,

    Defendant.

_____/


## ORDER DISMISSING AMENDED COMPLAINT

This is an employment discrimination case. The plaintiff employee alleges in his first amended complaint that he was treated badly and eventually fired on a pretext. The defendant employer has moved to dismiss. I grant the motion.

I

The Supreme Court recently set forth the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550

U.S. [544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)] (quoting *Conley v. Gibson*, 355 U.S. 41, 47[, 78 S. Ct. 99, 2 L. Ed. 2d 80] (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, *supra*, at [555] (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1[, 122 S. Ct. 992, 152 L. Ed. 2d 1] (2002); *Neitzke v. Williams*, 490 U.S. 319, 327[, 109 S. Ct. 1827, 104 L. Ed. 2d 338] (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236[, 94 S. Ct. 1683, 40 L. Ed. 2d 90] (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action alone sufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557. The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff

pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added).  This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements*, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions*.

*Id.* at 1949-50 (emphasis added).

II

The plaintiff comes to this battle "armed with nothing more than conclusions."  The plaintiff alleges he was treated badly and eventually fired on a pretext.  He alleges that the real reasons for the poor treatment and firing included his gender, his medical condition or the defendant's perception of it, and his absences to care for his disabled father.  The plaintiff says similarly-situated others were treated better.

The plaintiff asserts claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended and disability discrimination in violation of the Florida Civil Rights Act.  But the plaintiff does not say what the alleged reason—the pretextual reason—for the firing was.  He does not even allege

the reason was false; a reason can be true but still pretextual if it was not the real reason for the decision.  He does not allege a factual basis for the conclusion that the others who were treated better were similarly situated.  He does not allege his medical condition and thus does not allege a factual basis for his claim that it—or the defendant's perception of it—entitled him to protection under the Florida Civil Rights Act.  He does not allege a claim under the Family and Medical Leave Act and does not explain how his father's illness—also unexplained—entitled the plaintiff to protection under the Florida Civil Rights Act.

These allegations might have survived a motion to dismiss prior to *Twombly* and *Iqbal*.  But now they do not.  The plaintiff in an employment-discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination, or (2) sufficient to show, or at least support an inference, that he can make out a prima facie case under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and its progeny.  The plaintiff has not done so.  Accordingly,

IT IS ORDERED:

The defendant's motion (document 8) to dismiss the first amended complaint is GRANTED.  The first amended complaint is dismissed.  The plaintiff is granted leave to file a second amended complaint by July 22, 2009.  I do *not* direct the

entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on July 8, 2009.

s/Robert L. Hinkle
United States District Judge
